UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 06-106-DCR-1 |
| V. | ) ) ) | |
| STACY MEDLIN, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In December 2006, Defendant Stacy Medlin pleaded guilty to conspiracy to distribute 500 grams or more of a mixture containing methamphetamine (Count 1s of the superseding indictment). [Record Nos. 106 and 185] He also agreed to forfeit certain assets under Count 4s. The Court sentenced Medlin to imprisonment for 204 months, followed by a five-year term of supervised release. [Record No. 185] The matter is currently pending before the Court on Medlin's *pro se* motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.[1] [Record No. 235] However, the facts of the case do not support the requested sentence reduction.

During 2006, Medlin and several co-defendants conspired to distribute methamphetamine in Kentucky. [Record No. 183, p. 2] In furtherance of this agreement,

---

[1] In his motion, Medlin also requested appointment of counsel. [Record No. 235] There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

Medlin traveled from Kentucky to Georgia where he obtained methamphetamine from co-Defendant Victor Ochoa.  *Id.*  Medlin would then return to Kentucky to distribute the methamphetamine with the help of other co-defendants.  *Id.*

On one trip in May of 2006, Medlin obtained approximately one pound of methamphetamine that he distributed in this district.  *Id.*  On September 5, 2006, Medlin was arrested while transporting 1,788 grams of methamphetamine from Georgia to Kentucky.  *Id.*  Later, law enforcement located a safe belonging to Medlin while conducting a search of his parents' residence.  *Id.*  The safe contained $23,020 in cash, which Medlin admitted to be proceeds from his illegal drug activity.  *Id.*  As outlined in his Pre-Sentence Investigation Report ("PSR"), Medlin also admitted that he had hidden marijuana under an abandoned house in Gray, Kentucky.  [Record No. 196]

Based on the drugs attributed to him, Medlin's base offense level under the 2006 United States Sentencing Guidelines ("U.S.S.G.") Manual was 36.  *Id.*  He also received a four-level enhancement for his role in the offence along with a three-level reduction for his acceptance of responsibility, resulting in a total offense level of 37.  Combined with a criminal history category of II, Medlin's recommended, but non-binding guideline range for imprisonment was 235 to 293 months.[2]  However, Medlin was sentenced below the guideline range based on the United States' motion for cooperation under U.S.S.G. § 5K1.1.  [Record No. 184]  By sentencing Medlin to 204 months of incarceration, the Court significantly departed from the non-binding range of imprisonment.  If the Court granted the current motion, Medlin's sentence based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Guidelines, his new base offense level would be 34, reducing his total offense level to 35.

---

[2]  Medlin was also subject to a ten-year mandatory minimum term of imprisonment.

His non-binding guideline range would then be reduced to 188 to 235 months of imprisonment.

Under 18 U.S.C. § 3553, this Court is charged with imposing a sentence that is "sufficient, but not greater than necessary" to meet the factors outlined in subsection (a)(2). In making this determination, the Court considers, *inter alia*, the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes of the defendant. After considering these and other sentencing factors for a second time, this Court concludes that Medlin's original sentence was the least sentence that should be imposed under the facts presented.

Reducing Medlin's sentence would greatly diminish the seriousness of his criminal conduct. On multiple occasions, Medlin brought large quantities of methamphetamine into Kentucky and then played a key role in distributing the drugs within this Commonwealth. A reduced sentence would not further the goal of protecting the public from likely future drug distribution by Medlin. Due to the scope of the conspiracy and Medlin's central participation, the Court is concerned that the defendant will return to drug trafficking activities following his release.

This conspiracy involved at least seven other individuals. The conspirators distributed significant amounts of methamphetamine in a relatively small community, with Medlin assuming a key leadership role. The currency found at the time of Medlin's arrest is further indication of the depth of his involvement. Medlin jeopardized the safety of others for personal gain. To further reduce his sentence at this time would undermine deterrence to others that might be inclined to commit a similar offense. While Medlin did accept

responsibility and cooperate with law enforcement, that factor was adequately addressed in the reduction to his original sentence. In fact, the Court granted Medlin such a substantial reduction that his current sentence falls within the recommended sentencing range even after application of Amendment 782.

In summary, after again reviewing the relevant factors of 18 U.S.C. § 3553, the Court concludes that a minimum term of imprisonment of 204 months is necessary and appropriate under the circumstances. Accordingly, it is hereby

**ORDERED** that Defendant Stacy Medlin's motion for modification or reduction of sentence [Record No. 235] is **DENIED**.

This 28th day of October, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge